in the development of the silk industry, an enterprising American citizen would find it to his pecuniary advantage to transfer machinery to the place of export to facilitate the winding of the raw fiber on tubes or spools suitable for use in the American machinery, instead of importing it as skeined from the reel.

No useful purpose will be served by further ·discussion of this interesting subject. The conclusion is that the importation was not entitled to free entry, but that it comes within the purview of the qualifying phrase, "advanced in manufacture in any way," and should be dutiable at 40 cents per pound, under paragraph 384.

The decision of the Board of General Appraisers is therefore reversed.

### UNITED STATES v. STEWART.

(Circuit Court, S. D. New York. December 16, 1904.)

#### No. 3,649.

1. CUSTOMS DUTIES—CLASSIFICATION—RE-REELED SILK.

Raw tussah silk, in the same condition as when reeled from' cocoons, except that it has been transferred from the large reels on which it was: taken from the cocoons to smaller reels, the result of this process not. being any change in the condition of the silk other than to adapt the: skeins thus produced to American spinning machines, is *held* not to be dutiable as "silk partially manufactured from cocoons," under paragraph 384, Tariff Act July 24, 1897, c. 11, § 1, Schedule L, 30 Stat. 185 [U. S. Comp. St. 1901, p. 1668], but to be free of duty under paragraph 660, as "silk, raw, or as reeled from the cocoon, but not * * * advanced in any way" (chapter 11, § 2, Free List, 30 Stat. 201 [U. S. Comp. St. 1901, p. 1688]).

On Application for Review of a Decision· of the Board of General Appraisers.

Note U. S. v. Klotz (C. C.) 133 Fed. 808.

The decision in question relates to an importation at the port of New York by Walter E. Stewart. The nature of the questions raised fully appears from the opinion of the board (G. A. 5,767, T. D. 25,524), which reads as follows:

HOWELL, General Appraiser. The merchandise covered by this protest is described in the invoice as "tussah raw silk water-reel re-reel." It was returned, by the appraiser as "raw silk re-reeled and doubled, not spun or twisted." Duty was assessed thereon by the collector at the rate of 40 cents per pound, under the provisions of paragraph 384, Act July 24, 1897, c. 11, § 1, Schedule L, 30 Stat. 185 [U. S. Comp. St. 1901, p. 1668], which reads as follows: "384. Silk partially manufactured from cocoons or from waste silk, and not further advanced or manufactured than carded or combed silk, forty cents per pound." The claim in the protest is that the merchandise is free of duty under the provisions of paragraph 660 of said act, c. 11, § 2, Free List, 30 Stat. 201 [U. S. Comp. St. 1901, p. 1688], which reads as follows: "660. Silk, raw, or as reeled from the cocoon, but not doubled, twisted, or advanced in manufacture in any way." In forwarding the protest to the board the collector states: "Prior to the liquidation of the entry, I gave the importer an opportunity to be heard as to the proper classification of the merchandise; and after a hearing, which was held on March 23, 1904, I decided to classify the merchandise for duty under paragraph 384, N. T., and assess the same with duty at the rate of 40 cents per pound." We have carefully examined

the testimony taken by the collector at the hearing before him, which is made a part of the record, and we have taken additional testimony, from which it satisfactorily appears that the silk in question is raw tussah silk, reeled from the cocoon in a very crude manner, by what is known as "the water-reel process," and then transferred to smaller reels for the purpose of producing skeins suitable for American spinning machines. The water-reel process consists in placing the cocoons in warm water, and, as they become softened, the filaments of a number of them are joined together and passed through a small hook or "guide eye," and attached to a reel, which, by slowly revolving, unwinds the filaments from the cocoon. The thickness of the thread desired determines the number of cocoons to be used; and when the reeling is carefully done, if a filament breaks in the process, another cocoon is substituted, in order that the thickness of the thread shall not be reduced. No such care seems to have been exercised, however, in the case of this tussah silk, which is a heavy, coarse silk, coming from the interior provinces of China, and which appears to have been reeled from the cocoons in the crudest manner, very little attention being paid to the evenness of the thread. As it was wound on large reels when taken from the cocoons, it became necessary to re-reel it, in order to produce skeins of a suitable size for use in American machines. The silk, as imported, appears to be in precisely the same condition as the re-reeled silk which formed the subject of a letter of the Secretary of the Treasury to the collector of customs at New York, dated October 23, 1857, cited in G. A. 5,432, T. D. 24,702. The Secretary said: "The re-reeled silk in question is neither doubled nor twisted, but is in the same state in which it came from the cocoon, having been merely transferred by reeling from the larger reel on which it is taken from the cocoon to a reel of smaller dimensions, to adapt the skeins thus produced to the reels in use in many manufactories in this country." That describes very accurately the silk here in question. It is simply raw silk re-reeled. It has not been "doubled, twisted, or advanced in manufacture in any way." In G. A. 5,432, the board was divided on the question whether raw silk which has been reeled from cocoons, and then wound on tubes or cops, was entitled to free entry under paragraph 660. The majority held the affirmative of the proposition, and in the course of the opinion stated: "By the very language of paragraph 660 it will be observed that 'manufactured' silk does not refer to the method or form of putting up the raw silk, but refers to doubling or twisting, or some other process of manufacture which changes the character of the silk itself." It was further stated in the majority opinion that: "All of the witnesses for both sides testified that silk which has been removed from the reel upon which it was wound when first taken from the cocoon, and then reeled into other skeins of required size, so as to be serviceable for American machines, and which is known as re-reeled silk, is within the class recognized in trade as raw silk." We find that the merchandise here in question consists of raw tussah silk, which has not been doubled, twisted, or advanced in manufacture in any way, but is in the condition in which it came from the cocoons, having been merely transferred from the large reels on which it was taken from the cocoon to smaller reels, in order to adapt the skeins thus produced to the American spinning machines. We hold that such silk is entitled to free entry under the provisions of paragraph 660. The protest is accordingly sustained, and the decision of the collector reversed.

DE VRIES, General Appraiser (dissenting). For the reasons set forth in the dissenting opinion in G. A. 5,432, T. D. 24,702, now on appeal, I dissent from the conclusions reached by my colleagues herein.

D. Frank Lloyd, Asst. U. S. Atty.

William B. Coughtry, for importer.

PLATT, District Judge. Judgment affirmed on the decision of the Board of General Appraisers.